```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         FAYETTEVILLE DIVISION
```

**J.D. AMES**                                                         PLAINTIFF

        v.            Civil No. 07-5107

**ROGERS MAYOR STEVE WOMACK,
ROGERS CHIEF OF POLICE STEVE
HELMS, Each in their official
capacity**                                                            DEFENDANTS

## O R D E R

Now on this 7th day of November, 2007, comes on for consideration defendants' **Motion To Dismiss** (document #5), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff challenges Ordinance No. 07-73 of the City of Rogers (the "Ordinance") as violating the First, Fifth, and Fourteenth Amendments to the United States Constitution. The Ordinance prohibits the "practice of soliciting money or contributions from motor vehicles by pedestrians" and "the giving of money or other charitable contributions from within a motor vehicle to a pedestrian." Such conduct is made "punishable by court costs of $25.00 and up to 10 days of community service."

2.   While plaintiff has not been charged with a violation of the Ordinance, she alleges that she has "made such donations in the past and will make such donations in the future." Because she asserts a facial challenge to the Ordinance, she claims standing to "enforce the rights of both herself and any future panhandler

that would come under the restrictions of the ordinance."

Defendants contend that "[t]he threat of prosecution, which is here alleged, is not sufficient to establish a cause of action in equity," and that there is no "showing that the litigation of the pending controversy in the Federal Court will be any less embarrassing or injurious to the plaintiff[s] than the litigation of potential criminal proceedings in State Court."

3.  The Eighth Circuit has recently ruled on this issue, holding that allegations quite similar to plaintiff's were sufficient to establish a controversy ripe for determination:

> A party . . . need not expose itself to arrest or prosecution in order to challenge a criminal statute. When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.

**St. Paul Area Chamber of Commerce v. Gaertner**, **439 F.3d 481, 485 (8th Cir. 2006)** (internal quotation marks omitted).

In explaining its holding, the Court noted

> Our holding promotes good public policy by breeding respect for the law.  Like the Fourth Circuit, we encourage a person aggrieved by laws he considers unconstitutional to seek a declaratory judgment against the arm of the state entrusted with the state's enforcement power, all the while complying with the challenged law, rather than to deliberately break the law and take his chances in the ensuing suit or prosecution.

**439 F.3d at 488** (internal quotation marks omitted).

For the foregoing reasons, the Court concludes that defendants' **Motion To Dismiss** (document #5) should be, and same hereby is, **denied.**

**IT IS SO ORDERED.**

                                                   /s/ Jimm Larry Hendren
                                                 **JIMM LARRY HENDREN**
                                                 **UNITED STATES DISTRICT JUDGE**